IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CORTEZ Q. McGEE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 12−cv−256−JPG |
| | ) |
| **ROBERT J. BRADLEY and ANDREW D. SINK,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

      Plaintiff, currently incarcerated at Dixon Springs Impact Incarceration Program (Dixon Springs IIP), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Warden Robert Bradley and C/O Andrew Sink failed to protect him from an assault he suffered while in his cell on December 14, 2011. At the time of the attack, Plaintiff was incarcerated at Centralia Correctional Center. Plaintiff also alleges that the Adjustment Committee falsified a disciplinary report stemming from that same assault and Warden Bradley signed off on the report. Specifically, Plaintiff claims that while at Centralia Correctional Center, on December 14, 2011, he was attacked in his cell by an inmate Williams, a beating which lasted twenty minutes before C/O Andrew Sink showed up and cuffed inmate Williams and led him out of the cell. Plaintiff was taken to the health care unit and then to segregation where he received a disciplinary report for fighting. Plaintiff appeared before the Adjustment Committee and pled not guilty because Williams attacked him and also asked to press charges against Williams. The Adjustment Committee found Plaintiff guilty of fighting in their final

summary report, which Plaintiff claims they falsified by stating that Plaintiff had participated in the fight when C/O Sink's disciplinary report had never said that Plaintiff hit Williams.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. A prison official violates a prisoner's Eighth Amendment right to be protected from an attack when a prisoner is incarcerated under conditions posing an objectively serious risk of harm to him and when the officials act with deliberate indifference to that serious risk. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Accepting the allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendant Sink for failure to protect. However, as to Warden Bradley, the Court **DISMISSES** the failure to protect claim against him as he cannot be held liable under a doctrine of *respondeat superior* and there is no allegation that he had any personal involvement in Plaintiff's claim. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted).

Plaintiff also alleges that Warden Bradley and the Adjustment Committee issued a false disciplinary report against him. He has provided the Adjustment Committee Final Summary Report (Doc. 1 p. 13) which shows that he was found guilty of the offense of fighting and had 1 month of GCC or SGT revoked. Plaintiff has not alleged that the finding was ever overturned or expunged. "When a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). The Court has extended the ruling to disciplinary proceedings which affect the overall length of confinement. *Edwards v. Balisok*, 520 U.S. 641

(1997). Plaintiff alleges that the Adjustment Committee found him guilty of fighting and according to the Final Summary Report, he lost one month of good time credit. Thus, Plaintiff has failed to state a claim upon which relief can be granted as a finding in favor of Plaintiff would directly contradict the Adjustment Committee's findings that he was guilty of fighting. In order to bring his claim, Plaintiff must first seek to overturn the Adjustment Committee's findings through proceedings of habeas corpus after exhausting his state remedies.[1] Thus the false disciplinary claims against Warden Bradley and the Adjustment Committee are **DISMISSED without prejudice**.

## DISPOSITION

Defendant Warden Robert Bradley is **DISMISSED without prejudice** on Plaintiff's failure to protect claim. Further Defendants Bradley and the Adjustment Committee are **DISMISSED without prejudice** as Plaintiff has failed to state a claim on his false disciplinary claim.

As to Defendant Andrew Sink, the Clerk of Court shall prepare: 1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal

---

[1] The Court also notes that Plaintiff cannot bring a claim against the "Adjustment Committee" because these entities are not "persons" under Section 1983, but are arms of the state. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). Plaintiff does not name any of the members on the Adjustment Committee, but rather just brings his claim against the committee itself which is not proper under § 1983.

service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Philip M. Frazier for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Philip M. Frazier for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), should all the parties consent to such a referral.

If judgment is rendered against Plaintiff, and the judgment includes the payment of

costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed in forma pauperis has been granted. See 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than 7 days after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

DATED:  August 22, 2012.

s/ J. PHIL GILBERT
J. PHIL GILBERT
United States District Judge